IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2016 JUN -7 P 2: 10

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 3:16 CR 222-WKW |
| | ) [21 U.S.C. §§ 841(a)(1); 844; 846; |
| BRADFORD ALLEN BLOUNT; | ) 18 U.S.C. § 924(c)(1)(A)(i)] |
| DENNIS MICHAEL ELDER; | ) |
| SAXON ROGERS MONK; | ) |
| RANDOLPH DANIEL OGBURN; and | ) |
| LEWIS MICHAEL JAMES | ) |
| | ) **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

Beginning from an unknown date, and continuing through on or about May 14, 2013, the

exact dates being unknown to the grand jury, in Lee County, within the Middle District of

Alabama, and elsewhere, the defendants,

**BRADFORD ALLEN BLOUNT;**
**DENNIS MICHAEL ELDER;**
**SAXON ROGERS MONK;**
**RANDOLPH DANIEL OGBURN; and**
**LEWIS MICHAEL JAMES,**

did knowingly and intentionally conspire, combine and agree with each other and with other

persons both known and unknown to the grand jury to distribute and possess with intent to

distribute a mixture and substance containing a detectable amount of oxycodone, a schedule II

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in

violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about May 14, 2013, in Lee County, within the Middle District of Alabama, the

defendant,

**BRADFORD ALLEN BLOUNT,**

did knowingly and intentionally possess a mixture and substance containing a detectable amount

of heroin, a schedule 1 controlled substance, in violation of Title 21, United States Code, Section

844.

## COUNT 3

On or about May 14, 2013, in Lee County, within the Middle District of Alabama, the

defendant,

**DENNIS MICHAEL ELDER,**

did knowingly and intentionally possess within intent to distribute a mixture and substance

containing a detectable amount of oxycodone, a schedule II controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1).

## COUNT 4

On or about May 14, 2013, in Lee County, within the Middle District of Alabama, the

defendant,

**DENNIS MICHAEL ELDER,**

did knowingly use and carry a firearm, to wit, a Smith & Wesson .357 revolver, a better

description of which is unknown to the grand jury, during and in relation to, and possessed a

firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of

the United States, to wit: possession with intent to distribute a mixture and substance containing

a detectable amount of oxycodone, as charged in count 3 of this indictment, in violation of Title

18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 5

On or about December 7, 2013, in Lee County, within the Middle District of Alabama,

the defendant,

## SAXON ROGERS MONK,

did knowingly and intentionally possess a mixture and substance containing a detectable amount of hydrocodone, a schedule II controlled substance, in violation of Title 21, United States Code, Section 844.

## FORFEITURE ALLEGATION-1

A.    The allegations contained in counts 1 through 3 and 5 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

B.    Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 844, set forth in counts 1 through 3 and 5 of this indictment, the defendants,

## BRADFORD ALLEN BLOUNT;
## DENNIS MICHAEL ELDER;
## SAXON ROGERS MONK;
## RANDOLPH DANIEL OGBURN; and
## LEWIS MICHAEL JAMES,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds the said defendants obtained, directly or indirectly, as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

C.    If any of the property described above, as a result of any act or omission of the defendants:

      (1)    cannot be located upon the exercise of due diligence;

      (2)    has been transferred or sold to, or deposited with, a third party;

3

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION-2

A.     The allegations contained in count 4 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), set forth in count 4 of this indictment, the defendant,

### DENNIS MICHAEL ELDER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense including, but not limited to, the following: a Smith & Wesson .357 revolver.

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or

4

    (5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

Foreperson

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

Jonathan S. Ross
Assistant United States Attorney

Kevin P. Davidson
Assistant United States Attorney

5